**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROGER YOUNG,

               Petitioner,

v.                                                              Case Number: 09-CV-11063
                                                               Honorable Victoria A. Roberts

CINDI CURTIN,

               Respondent.
_____/

**ORDER**
**(1) GRANTING PETITIONER'S REQUEST TO REOPEN CASE AND**
**(2) DENYING MOTION TO APPOINT COUNSEL**

On March 20, 2009, Petitioner Roger Young, a state inmate currently incarcerated at the

Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* "Petition for Writ of Habeas

Corpus" [dkt. # 1], pursuant to 28 U.S.C. § 2254, along with a "Motion to Appoint Counsel"

[dkt. # 2]. Petitioner, however, did not provided the Court with sufficient copies for service,

pursuant to Rule 4 of the Rules Governing § 2254 Cases; *See Coffee v. Harry*, 2005 WL

1861943, *2 (E.D. Mich. Aug. 2, 2005). Therefore, on March 31, 2009, the Court signed an

Order directing Petitioner to provide the Court with the necessary copies so that service upon

Respondent could be perfected, and, if Petitioner failed to comply, then his Petition was subject

to dismissal; the additional copies were due by April 21, 2009.

Subsequently, on May 21, 2009, the Court dismissed Petitioner's Petition, without

prejudice, because he failed to comply with the Court's Order. However, on June 8, 2009,

Petitioner filed a "Request" [dkt. # 5], asking the Court to reopen his case, as he did comply with

the Court's March 31, 2009 Order; Petitioner submitted documentation demonstrating that he

complied with the Order. The Court has since learned that the Clerk of the Court inadvertently

failed to record the deficiency correction on the docket.  Therefore, the Court will grant Petitioner's "Request," and orders the Clerk of Court to reopen his case, with the same docket number and assigned to the undersigned Judge.

Regarding Petitioner's "Motion to Appoint Counsel" [dkt. # 2], the constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding.  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh'g. denied*, 539 U.S. 970 (2003). The Court has broad discretion in determining whether counsel should be appointed.  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In the instant case, the Court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time.

Accordingly,

**IT IS ORDERED** that Petitioner's "Request" [dkt. # 5] is **GRANTED**.  The Clerk of the Court is ordered to reopen Petitioner's case, with the same case number and assigned to the undersigned Judge, and is ordered to effect service upon the Respondent and the Michigan Attorney General's Office.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Appoint Counsel" [dkt. # 2] is **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's Motion if it determines at a later date that appointment of counsel is necessary.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 10, 2009

The undersigned certifies that a copy of this
document was served on the attorneys of record
and Roger Young, Oaks Correctional Facility,
1500 Caberfae Highway, Manistee, MI 49660 by
electronic means or U.S. Mail on June 10, 2009.

s/Linda Vertriest
Deputy Clerk

3