UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER YOUNG,
#211981

        Petitioner,

v.                                                        Case Number: 09-CV-11063
                                                         Honorable Victoria A. Roberts

CINDI CURTIN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO HOLD
## HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

**I.**

Petitioner Roger Young, a state inmate incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, filed a "Petition for Writ of Habeas Corpus" on March 20, 2009. (Dkt. # 1.) In his pleadings, Petitioner challenges his conviction for first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(b), imposed by a Wayne County, Michigan, circuit court jury. He was sentenced to twenty-two to forty years in prison for that conviction.

Now before the Court is Petitioner's "Motion to Hold Habeas Petition in Abeyance," filed on May 24, 2010. (Dkt. # 14.) Petitioner requests that this Court hold the Petition in abeyance, so that he can return to State court to exhaust his claim of actual innocence. Petitioner contends that he has supporting evidence, an error in DNA analysis testing, to prove that he is actual innocent of the crime for which he was convicted. The Court grants petitioner's request.
.

**II.**

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden to show that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause:

(1) for failing to raise his unexhausted claims on his delayed application for leave to appeal to the Michigan Court of Appeals and (2) prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he must make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals advises that it is preferable for a district court to hold further proceedings on a habeas-corpus petition pending exhaustion, rather than dismiss the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Court finds it is appropriate to enter a stay to allow Petitioner to present his unexhausted claims to the state courts, and return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate when a district court determines that the petitioner shows good cause for the failure to first exhaust in state courts, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Petitioner shows the need for a stay. His claims of innocence may have merit. He alleges that the Detroit Police Forensic Crime Laboratory was shut down because of corruption and a high error rate in DNA analysis. It is Petitioner's position that the prosecution failed to

3

disclose the laboratory results and the laboratory technician testified falsely. Petitioner also alleges that his trial counsel was ineffective for failing to object.

These unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether they have merit. The Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if this Court dismisses his petition to allow for exhaustion. *See* 28 U.S.C. § 2244(d)(1). Thus, the Court concludes that Petitioner would be better served if he perfected his Petition through all avenues, before seeking this Court's assistance.

Additionally, the claim of ineffective assistance of trial counsel that Petitioner seeks to exhaust in the state courts does not appear to be "plainly meritless." Further, Petitioner will assert that he did not previously raise that claim in the state courts due to the ineffective assistance of appellate counsel. Finally, there is no indication of intentional delay by Petitioner.

Against that backdrop, the Court holds the Petition in abeyance until Petitioner has exhausted available state-court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court imposes time limits within which Petitioner must proceed. *Id*.

### III.

The Court Orders:

**1.** Further proceedings are held in abeyance pending exhaustion of state-court remedies. The case will be held in abeyance, provided that (i) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted

4

within sixty (60) days of exhausting his state-court remedies; and

2. To avoid administrative difficulties, the Clerk of Court to is **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry is to be considered a dismissal or disposition of this matter.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 23, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Roger Young by electronic means or U.S. Mail on June 23, 2010.

s/Carol A. Pinegar
Deputy Clerk