# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROGER YOUNG,

                  Petitioner,             Case Number: 2:09-CV-11063
                                           HONORABLE VICTORIA A. ROBERTS

v.

CINDI CURTIN,

                  Respondent.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Roger Young, a state inmate incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his first-degree criminal sexual conduct conviction, Mich. Comp. Laws § 750.520(b), imposed by a Wayne County Circuit Court jury.

Now before the Court is Respondent's Motion for Summary Judgment. Respondent argues that the petition was not timely filed and, alternatively, that the claims added to the petition by amendment are untimely.  The Court finds that the original petition was timely filed but the claims added by amended were not.  The Court denies the motion with respect to the claims in the original petition and grants the motion on the claims added by amendment.

# I.

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree criminal sexual conduct.  On April 29, 2003, he was sentenced to 22 to 40 years' imprisonment.  Petitioner filed an appeal of right with the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed his convictions.  *People v. Young,* No. 248646, 2004 WL 2102039 (Mich. Ct. App. June 17, 2009).  The Michigan Supreme Court denied Petitioner's application for leave to appeal.  472 Mich. 937 (Mich. June 28, 2005).

Petitioner filed a motion for relief from judgment in the trial court on August 4, 2006.  He then sought to withdraw his motion.  The trial court advised him to instead amend his motion, which he did in December 2006.  The motion was denied on May 23, 2007.  9/12/07 Opinion, *People v. Young*, No. 02-014742-01, ECF No. 11-23 Pg ID 1995-2002.  Petitioner's applications for leave to appeal the trial court's decision were denied by the Michigan Court of Appeals, *People v. Young*, No. 281435 (Mich. Ct. App. Oct. 27, 2008), and the Michigan Supreme Court, *People v. Young*, 482 Mich. 1030 (Oct. 27, 2008).  The Michigan Supreme Court also denied Petitioner's motion for reconsideration.  *People v. Young*, 483 Mich. 883 (Jan. 27, 2009).

On March 2, 2009, Petitioner filed a petition for writ of habeas corpus.  He then moved to stay the petition so that he could file a second motion for relief from judgment in the trial court.  The Court granted the motion on June 23, 2010.  Petitioner filed a second motion for relief from judgment on August 10, 2010.  The motion was denied on September 21, 2012.  Order, *People v. Young*, No. 02-014742-01, ECF No. 24-14 Pg ID

2983-84.  Both state appellate courts denied Petitioner leave to appeal the trial court's

decision.  *People v. Young*, No. 315348 (Mich. Ct. App. Aug. 29, 2013); *People v. Young*,

495 Mich. 947 (Mich. Feb. 28, 2014).

Petitioner then returned to this Court and moved to reopen this habeas corpus

proceeding.  The Court granted the request and the matter was reopened on August 4,

2014.

## II.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of

a genuine issue of material fact for trial.  The Court must view the evidence and draw all

reasonable inferences in favor of the non-moving party, and determine "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is

so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*,

*Inc.*, 477 U.S. 242, 251-52 (1986).  The "[s]ummary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive

determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)

(internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit.  *Lenning v.*

*Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001).  "Materiality" is

determined by the substantive law claim.  *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir.

2000).  An issue is "genuine" if a "reasonable jury could return a verdict for the

nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148

(6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248).  Irrelevant or unnecessary factual

disputes do not create genuine issues of material fact.  *St. Francis Health Care Centre v.*

*Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not

lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of

material fact.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).  Thus a

factual dispute which "is merely colorable or is not significantly probative" will not

defeat a motion for summary judgment which is properly supported.  *Kraft v. United*

*States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace*

*and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th

Cir. 1999).

The party bringing the summary judgment motion has the initial burden to inform

the district court of the basis for its motion, and identify portions of the record which

demonstrate the absence of a genuine dispute over material facts.  *Mt. Lebanon Personal*

*Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  The party

opposing the motion then may not "rely on the hope that the trier of fact will disbelieve

the movant's denial of a disputed fact" but must make an affirmative showing with proper

evidence in order to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472,

1479 (6th Cir. 1989).  A party opposing a motion for summary judgment must designate

specific facts in affidavits, depositions, or other factual material showing "evidence on

which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.  If the

non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.

Respondent argues that summary judgment should be granted because the original petition was not timely filed, or, in the alternative, that summary judgment should be granted as to those claims raised in the amended petition.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on June 28, 2005. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do.

5

Thus, his conviction became final on September 26, 2005, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. The limitations period, therefore, commenced September 27, 2005. It continued to run until August 4, 2006, when Petitioner filed a motion for relief from judgment in the trial court.[1] That motion, a properly filed motion for state-court collateral review, tolled the limitations period with 56 days remaining. *See* 28 U.S.C. § 2244(d)(2). The limitations period resumed running on January 28, 2009, the day after the Michigan Supreme Court denied Petitioner's motion for reconsideration of its order denying leave to appeal. Petitioner filed his original habeas corpus petition on March 2, 2009, approximately 22 days before the limitations period expired. The claims raised in his habeas petition were timely filed.

On May 18, 2010, Petitioner filed a motion for stay to allow him to exhaust several claims concerning purportedly newly-discovered evidence related to DNA evidence, a jury instruction claim, and an ineffective assistance of counsel claim. Respondent argues

---

[1] Respondent's argument that Petitioner's motion for relief from judgment was filed on December 21, 2006, is not supported by the record. He amended his motion for relief from judgment in December 2006, but the original motion was filed on August 4, 2006.

that the claims raised in the motion for stay and added by amendment to the petition on May 1, 2014, are untimely because they were filed after the limitations period expired and do not "relate back" to the date of the original petition. "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). *See also* Fed. R. Civ. P. 15(c)(2) (stating that pleading amendments relate back to the filing date of the original pleading when both the original plea and the amendment arise out of the same "conduct, transaction, or occurrence").

Before considering whether Petitioner's amended claims relate back to the filing date of the original petition, the Court addresses whether the limitations period for the amended claims (which Petitioner claims are based upon newly discovered evidence) commenced on the same date as for the original claims. In the case of newly-discovered evidence, the one-year limitations period applicable to habeas petitions runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(1)(2). Petitioner added two claims to the petition by amendment: (1) he was denied his right to due process when the prosecution used perjured testimony regarding DNA evidence from an expert witness; and (2) newly discovered evidence establishes Petitioner's actual innocence and counsel's inept handling of allegedly perjured testimony constituted ineffective assistance. The trial court, in denying Petitioner's successive motion for relief from

7

judgment, held that neither of these claims qualified as newly discovered. This Court agrees. Petitioner's claims are based upon a laboratory report and conflicting trial testimony. Petitioner argues that the prosecution's expert witness testified about blood tests done on the victim's blood sample when a laboratory report shows that the victim's blood sample was "putrid" and, therefore, discarded without testing. *See* Detroit Police Department, Laboratory Analysis, ECF 1-10, Pg ID 457. And, he argues that the expert witness's testimony as to what samples were taken from the victim and tested by the lab conflicted with an examining nurse's testimony concerning what samples she took from the victim. Petitioner knew at the time of trial that a tube of blood had been discarded as putrid when it was received by the lab because the prosecution's expert witness testified to this fact. He also was aware of allegedly conflicting trial testimony. Because Petitioner was aware or should have been aware of the factual predicate for his amended claims at the time he filed his direct appeal, the Court finds that Petitioner's amended claims are subject to the same statute of limitations period as the original claims.

Therefore, the Court must determine whether Petitioner's amended claims share a "common core of operative facts" with the original petition, which would allow these claims to relate back to the filing of the original petition. *Mayle*, 545 U.S. at 664. The original petition contained these claims: (1) insufficient evidence presented to sustain conviction; (2) trial court improperly suppressed evidence of prior sexual acts involving Petitioner and the victim; (3) counsel was ineffective in declining an instruction on the affirmative defense of consent; (4) disproportionate sentence; (5) trial court judge was

8

biased against defense; (6) the circuit court improperly allowed the complaint to be amended; (7) the circuit court failed to arraign Petitioner on the felony information or to enter a plea; (8) appellate counsel was ineffective; (9) trial court erred in not ruling on issues raised in Petitioner's amended motion for relief from judgment; (10) cumulative effect of trial counsel's deficient performance was prejudicial; (11) prosecutor failed to disclose favorable evidence and suborned perjury; (12) prosecutor suppressed evidence that the prosecutor's office and lead detective forced complainant to file false rape charges; and (13) Confrontation Clause violated by admission of out-of-court testimonial statements.  Petitioner's amended claims concern DNA evidence and the alleged improper handling of testimony related to that evidence by the prosecutor and defense counsel.  These claims do not share a "common core of operative facts" with the claims raised in the original petition.  Consequently, the amended claims do not relate back to the original petition and are barred by the statute of limitations.

9

**IV.**

The Court **GRANTS IN PART AND DENIES IN PART** Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus [dkt. #23]. The Court finds that Petitioner's fourth and fifth claims for habeas corpus relief are untimely and they are denied.  The Court finds that Petitioner's remaining claims were timely filed and the balance of Respondent's Motion for Summary Judgment is denied.

**SO ORDERED**.


 S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE


Dated:  June 30, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Roger Young  by electronic means or U.S. Mail on June 30, 2015.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |

10