UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER YOUNG,

        Petitioner,        Case Number: 2:09-CV-11063
                                       HONORABLE VICTORIA A. ROBERTS

v.

CINDI CURTIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION TO PRODUCE ADDITIONAL RULE 5 MATERIALS

Petitioner Roger Young, a state inmate presently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his first-degree criminal sexual conduct conviction, Mich. Comp. Laws § 750.520(b), imposed by a Wayne County, Michigan circuit court jury.

Now before the Court is Petitioner's Motion to Produce Additional Rule 5 Materials. Rules 5(c) and (d), Rules Governing Section 2254 Cases, requires the respondent to file a copy of any prior decisions, pleadings, briefs, and transcripts relevant to the issues presented in a habeas petition. Petitioner claims that Respondent failed to file these relevant documents: a handwritten letter from Petitioner to the victim that was admitted into evidence at trial (both the redacted and unredacted versions) and an audiocassette that was not admitted into evidence at trial. With regard to the letter, the

victim read the redacted version of the letter into the record.  Petitioner does not claim that she did so inaccurately or that it was transcribed incorrectly.  Further, he asserts no reason why an unredacted version of the letter is relevant.  The Court finds no need for production of either the redacted or unredacted letter.  *Accord Hernandez v. McDaniel*, No. 3:09-CV-00545, 2009 WL 4953384, *1 (D. Nev. Dec. 14, 2009) ("Nowhere under the habeas rules are the respondents required to produce trial exhibits ... used in state court proceedings.").

Petitioner requests production of an audiotape that was referenced at trial outside the presence of the jury.  The audiotape was never played for the judge or jury, nor was it admitted into evidence.  Habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011).  The language of the statute is "backward-looking" and "requires an examination of the state-court decision at the time it was made. *Id.*"  The audiotape was not part of the state court record.  Therefore, the Court may not consider it in adjudicating the habeas petition.

The Court **DENIES** Petitioner's Motion to Produce Additional Rule 5 Materials (Dkt. #26).

**SO ORDERED**.

S/Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2015