UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER YOUNG,

        Petitioner,        Case Number: 2:09-cv-11063
                                                     HON. VICTORIA A. ROBERTS

v.

CINDI CURTIN,

        Respondent.
                                        /

## OPINION AND ORDER

## (1) CONSTRUING NOTICE OF APPEAL AS MOTION FOR EXTENSION OF TIME UNDER FED. R. APP. P. 4(a)(5);

## (2) GRANTING MOTION FOR EXTENSION OF TIME;

## (3) DENYING MOTION FOR CERTIFICATE OF APPEALABILITY; AND

## (4) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

This habeas corpus proceeding is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. The Court of Appeals remanded the case to allow this Court to determine whether Petitioner's late notice of appeal should be treated as a Rule 4(a)(5) motion for an extension of time and, if so, to adjudicate the motion. *Young v. Curtin*, No. 16-1267 (6th Cir. March 28, 2016) (ECF No. 37).

A party has thirty days from entry of the judgment appealed from to file a notice of appeal. Fed. R. App. P. 4(a)(1). The Court denied the habeas petition on January 26, 2016. The deadline for filing a notice of appeal was February 25, 2016. *See* Fed. R. App.

P. 4(a). Petitioner's notice of appeal is dated one day later, February 26, 2016, and, under the prison mailbox rule, presumed filed on that date. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). In a letter attached to and filed with the notice of appeal, Petitioner asks the Court to consider the circumstances surrounding the filing of his notice of appeal if the Court determined that the notice of appeal was not timely filed. Considered together with his notice of appeal, the Court construes the letter to be a request for an extension of time for filing a notice of appeal.

Fed. R. App. P. 4(a)(5) provides that the district court may extend the time to file a notice of appeal if:

> (i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) . . . that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

Petitioner has complied with the first requirement by filing his motion for an extension of time well within the thirty-day time limit. Petitioner states that he was not able to file a timely notice of appeal because a severe snowstorm halted prison administrative operations from February 23 to 26, 2016. Petitioner states that all non-essential personnel were sent home, rendering it impossible for him to obtain copies of his legal documents or mail them to the Court over that time period. The Court finds that the weather-related suspension of the prison's non-essential operations establishes good cause for Petitioner's inability to timely file a notice of appeal. The Court grants

Petitioner's motion for extension of time and extends the time for filing a notice of appeal by one day. Petitioner's notice of appeal, therefore, was timely filed.

Petitioner also filed a motion for a certificate of appealability. Because the Court already has denied a certificate of appealability (COA), the Court construes Petitioner's motion as requesting reconsideration of that denial. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Also before the Court is Petitioner's Motion for Leave to Proceed *In Forma*

3

*Pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court held that jurists of reason would not find the Court's decision denying the petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith.

Accordingly, the Court construes Petitioner's notice of appeal and attached letter (ECF No. 34) to be both a notice of appeal and a motion for extension of time to file a notice of appeal and GRANTS the motion for extension of time. The time for filing a notice of appeal is extended by one day to allow for the timely filing of the notice of appeal.

The Court DENIES Petitioner's "Motion for Certificate of Appealability" (ECF No. 33) which the Court has construed as a Motion for Reconsideration, and GRANTS Petitioner's "Motion to Proceed *In Forma Pauperis"* (ECF No. 35).

SO ORDERED.

                                                    S/Victoria A. Roberts
                                                    VICTORIA A. ROBERTS
                                                    UNITED STATES DISTRICT JUDGE

DATE: 4/4/2016